UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**SHANNON HARLOW**
6218 Fox Run
DeForest, WI 53532

       Plaintiff,

                                       Case No. 17-cv-475

vs.

**HARTFORD LIFE INSURANCE COMPANY**
Registered Agent:
CT Corporation System
301 South Bedford Street, Suite 1
Madison, WI 53703

       Defendant.

## COMPLAINT

The Plaintiff, Shannon Harlow, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Deforest, Wisconsin.

2. Defendant, Hartford Life Insurance Company ("Insurance Company"), on information and belief, is a corporation organized under the laws of the state of Connecticut, licensed to do business in Wisconsin.

00441548

## JURISDICTION & VENUE

3. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

4. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

5. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

6. Plaintiff has exhausted her administrative remedies as a condition precedent to filing this action.

## FACTS

7. During the course of Plaintiff's employment with Dean Health System, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

8. From July 31, 2015 until January 30, 2017, Defendant approved Plaintiff's claim for LTDI benefits. These benefits were approved in the amount of $1,411.90 per month.

9. Defendant have denied Plaintiff's LTDI benefits claim beyond January 30, 2017.

10. Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim.

11. Plaintiff submitted complete medical documentation in support of her disability as part of the appeal.

12. Plaintiff submitted all information requested by the Defendant.

13. Defendant failed to consider the issues raised in Plaintiff's appeal.

14. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

15. Defendant did not perform a "full and fair review" of Plaintiff's claim.

16. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect her claim and an explanation of why that material was necessary.

17. Defendant failed to adequately explain why they rejected specific evidence in Plaintiff's file.

18. Defendant failed to engage in a meaningful dialogue with the Plaintiff.

19. Defendant failed to adequately explain their reasons for denying Plaintiff benefits.

20. Defendant conducted a selective review of Plaintiff's medical records.

21. Defendant failed to adequately assess Plaintiff's employability before determining that she is not sufficiently disabled to qualify for benefits.

22. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

23. At all times material to this case, the Plan has remained in full force and effect.

24. Defendant's denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

### FIRST CAUSE OF ACTION:
### DENIAL OF BENEFITS IN VIOLATION OF
### SECTION 502(a)(1)(B) OF ERISA

25. The preceding paragraphs are reincorporated by reference as though set forth here in full.

26. Plaintiff has been disabled, as that term is defined by the Plan.

27. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

28. Defendant wrongfully denied LTDI benefits due to Plaintiff.

29. Alternatively, if the arbitrary and capricious standard of review applies, then Defendant arbitrarily and capriciously denied Plaintiff benefits.

30. Defendant have interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

31. Upon information and belief, Defendant have inconsistently interpreted the terms and conditions of the Plan from one case to the next.

32. As both the payer of claims and the adjudicator of claim eligibility, Insurance Company has an inherent conflict of interest.

33. Defendant's denial of Plaintiff's LTDI benefits was "downright unreasonable."

34. For these and other reasons, Defendant acted in violation of § 502(a)(1)(B) of ERISA when it wrongfully denied Plaintiff's claim for LTDI benefits.

**WHEREFORE** the Plaintiff, Shannon Harlow, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: June 20, 2017

        HAWKS QUINDEL, S.C.

By:    */s/ William E. Parsons*
      William E. Parsons, State Bar No. 1048594
      Email: wparsons@hq-law.com
      Lynn K. Lodahl, State Bar No. 1087992
      Email: llodahl@hq-law.com
      Post Office Box 2155
      Madison, Wisconsin 53701-2155
      Telephone: 608/257-0040
      Facsimile: 608/256-0236

      Attorneys for Plaintiff, Shannon Harlow